UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John E. Hern,

Plaintiff,

vs. MINUTE ORDER

Bankers Life
Casualty Company,

Defendant. Civ. No. 00-697 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of November, 2000.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of the Defendant Bankers Life Casualty Co. ("Bankers Life") for an Order allowing it to Amend its Answer, in order to assert several affirmative defenses.[1] A Hearing on the Motion was conducted on September 28, 2000, at which time the Plaintiff John

[1]The Plaintiff also filed a Motion which seeks leave of the Court to amend his Complaint so as to allege a claim for punitive damages. We currently have the Plaintiff's Motion under advisement, and we now issue this Minute Order so as to memorialize our ruling on the date of the Motion Hearing, which granted the Defendant's Motion.

FILED NOV 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

E. Hern ("Hern") appeared by Sonia M. Sturdevant, Esq., and Bankers Life appeared by Ariane Schallwig Johnson, Esq.

For reasons which follow, the Motion of Bankers Life to Amend its Answer, in order to add affirmative defenses, is granted.

II. Discussion

Hern commenced this action for claims arising out of his employment with Bankers Life. First, Hern claims that Bankers Life discharged him due to his age, and because he had participated in the investigation of a sexual harassment complaint against a co-worker. Hern believes that Bankers Life engaged in age discrimination, and in reprisal, in violation of the Minnesota Human Rights Act. Hern has also alleged a claim for defamation, which asserts that Robert Stellflue, who is Hern's supervisor in the Madison, Wisconsin, made defamatory statements about Hern, and Hern's involvement in outside brokerage contracts -- statements which Stellflue allegedly knew were not true. Hern's third claim is for a negligent infliction of emotional distress, which arises out of the same circumstances as undergird his defamation claim. In addition, Hern asserts a claim for the tortious interference with a business relation, which is premised on an allegedly negative reference that was provided by Mr. Harmsen, who is Hern's new supervisor. Hern also claims a breach of contract, which is based upon an agreement he purportedly had with Bankers Life, and which

is alleged to have required just cause for any employment termination. Lastly, Hern asserts a claim for an interference with a prospective economic advantage, which alleges that Hern was promised a promotion, by the new Regional Vice President Chris Mackey, if the sales in the Duluth office reached an $80,000 goal during a one-month period. Hern claims that Mr. Harmsen discouraged the agents from reaching the goal, and later, Mr. Mackey unilaterally withdrew the promotion agreement.

The parties have exchanged their initial pleadings, and Bankers Life now wishes to amend its Answer so as to include several affirmative defenses, including truth, as to the defamation claim; qualified privilege, as to the Defamation claim; and the inability of Hern to show physical contact, or his presence in a zone of danger, with respect to his negligent infliction of emotional distress claim.[2]

Where, as here, the parties have exchanged their initial round of pleadings, Rule 15(a), Federal Rules of Civil Procedure, describes the appropriate procedure for amending a pleading as follows:

> * * * [A] party may amend the party's pleading only by leave of court or by written consent

---

[2]As related by counsel for the Plaintiff, during the course of the Motion Hearing, the zone of danger defense is no longer an issue.

> of the adverse party; and leave shall be freely given when justice so requires. * * *

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

At the time of the Hearing, the Plaintiff advised that he had no objection to allowing Bankers Life to amend its Answer, in order to assert the truth, and qualified privilege, defenses. As for the zone of danger defense, it appears that the Defendant no longer intends to add that defense, as it is no longer an issue in the case. Moreover, the proposed defenses do not appear to be futile, and there has been no showing of prejudice which would counsel against allowing the proposed amendment. Therefore, the Defendant is granted leave to amend its Answer in the form, and with the content, of that attached to its Motion papers.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Amend its Answer [Docket No. 14] is GRANTED, and that the Defendant shall forthwith serve, and file, its Amended Answer, in the form, and with the content, of that appended to the Defendant's Motion papers.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE