UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John E. Hern,

Plaintiff,

vs. MINUTE ORDER

Bankers Life
Casualty Company,

Defendant. Civ. No. 00-697 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of January, 2001.

* * *

On January 8, 2001, the Court heard argument on the Defendant's informal Motions to Compel Production of the Plaintiff's medical records, and to set the location for two upcoming depositions. At the time of the Hearing, the Plaintiff John E. Hern appeared by Sonia M. Sturdevant, Esq., and the Defendant Bankers Life Casualty Company appeared by Ariane Schallwig Johnson, Esq. For reasons discussed below, and addressed at the close of the Hearing, we grant the informal Motions.

That parties first dispute the location for depositions to be taken, by the Plaintiff, on January 11 and 12, 2001. Defense counsel arranged to have the deposition taken at a hotel in Bloomington, Minnesota, with the understanding that the Plaintiff knew that

JAN 09 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the Defendant was securing the hotel for the deposition purposes. The location of the depositions was confirmed by defense counsel, in a letter dated December 27, 2000. On that same date, Plaintiff's responded to defense counsel's letter of December 27, and addressed a number of deposition issues, but did not raise any objection to conducting the depositions at the location noted by defense counsel. However, by letter dated January 3, 2001, Plaintiff's counsel advised that she had a meeting at a law firm in downtown Minneapolis, and served an amended notice to have the depositions taken at that location. The Defendant now requests that we order the depositions to be held at the hotel in Bloomington.

Absent any undue hardship, on the deponent, or otherwise, the normal practice would allow the Plaintiff to select the place of the depositions that the Plaintiff notes, so long as the deposition is taken in the County in which the deponent lives, or works -- unless an agreement has been reached which allows different arrangements, including a different location. Here, the deponents, who appear to live in St. Cloud, Minnesota, have agreed to have their depositions taken in a Bloomington hotel, and defense counsel expended the time and effort to arrange a deposition site, followed by a confirmation of that site in a letter to Plaintiff's counsel. Nearly one week later, Plaintiff's counsel objected to the arranged

site -- which was located in the neutral environs of a hotel room -- and demanded sole authority to designate a deposition site of her choosing, and for her sole convenience. Given these circumstances, we find the earlier agreed upon site to be suitable -- indeed, preferable -- for the depositions of the two witnesses. Had Plaintiff's counsel originally noted another site, or timely objected to the site selected by defense counsel, a different argument could be made for the change that Plaintiff's counsel belatedly demanded. Such was not the case here and, frankly, we do not understand the basis for such contrariety. We expect that it not be replicated.[1]

As a second issue, the Defendant requests the Plaintiff to sign medical authorizations which will allow discovery of the Plaintiff's claim of emotional distress. As the Plaintiff rightly observes, we have consistently ruled that where -- unlike here -- the Plaintiff disclaims any intent of presenting expert witness testimony on the issue of emotional distress, including evidence

[1]We remind counsel that there is a substantial distinction between mere contrariness, and the justifiable representation of a client's best interests. While Plaintiff's counsel made plain her disagreement with the predicates for our ruling, we remain satisfied that, on the objective evidence presented, an agreement had been reached on the site of the noted depositions and, once the plans of Plaintiff's counsel had changed, there was a unilateral effort to re-note the deposition solely to serve the interests of Plaintiff's counsel.

that the distress has been treated, we find such discovery unduly burdensome. See, O'Sullivan v. State of Minnesota, 176 F.R.D. 325 (D. Minn. 1997). Here, however, the Plaintiff seeks to ride the fence, and withhold a decision on the presentation of any medical testimony, until he should make that decision -- ostensibly at the end of January. We are aware of no rule that would permit a party to defer an election of proof that would preclude the opponent's right to discover, without Court leave to do so. If the Plaintiff had decided not to present medical evidence in support of his emotional distress claim, and had renounced any intent to assert, on his own behalf, that he had been treated for emotional distress, that he had made such complaints to his treating physician, or that he had been prescribed medication for such complaints, then our ruling, here, would have been dictated by our analysis in O'Sullivan. No such renunciation has been offered here, and we conclude that absent such a firm disclaimer, the Defendant is entitled to medical authorizations to evaluate the Plaintiff's claims of mental insult or injury.[2] Therefore, so as not to prejudice the Defendant

---

[2]While, according to the Pretrial Schedule in this matter, the Plaintiff need not disclose his expert opinion evidence until February 15, 2001, that disclosure date would not excuse the Plaintiff's equivocation as to the substance of the claim he is making. Either he is claiming that he has suffered a mental insult, which would allow the Defendant to conduct a Rule 35 examination, or he is not. One would have thought that such an election would have (continued...)

in discovering the nature of a medical claim that the Plaintiff will not voluntarily disclose, we grant the Defendant's Motion to Compel.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's informal Motion to Compel Production of the Plaintiff's medical records is GRANTED.

2. That the Defendant's Motion to conduct the depositions, which are scheduled for January 11 and 12, 2001, in the designated Bloomington hotel, is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued) been made at the time this action was commenced. If the Plaintiff can defer such an election until the period of discovery has substantially been expended, then the opportunity for the Defendant to obtain and employ medical authorizations, and to secure a Rule 35 examination, becomes problematic, if not wholly impractical. While the Defendant has not demanded a Rule 35 examination, and that issue is not before us, the administration of this action, in a way that comports with Rule 1, Federal Rules of Civil Procedure, is presented, and we will not allow a delay in the fulmination of the Plaintiff's Trial strategies to delay the progress of this case to Trial.